UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

IBRAHIMA DIALLO,                                         Case No.

              Plaintiff,

     -against-                                             **COMPLAINT**

THE CITY OF NEW YORK, P.O. DAHEEM D.              JURY DEMAND
MORRIS [TAX REG. #975677], P.O. ADAHILTON
A. BONILLACRUZ [TAX REG. #974757],
SERGEANT MATTHEW D. DAVANG [TAX REG.
#966016], and JOHN DOE  AND JANE DOE #1-20
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),
              Defendants.
-----------------------------------------------------------------------X

Plaintiff, IBRAHIMA DIALLO, by his attorney, The Law Offices of PHILIP AKAKWAM, P.C., complaining of the defendants herein, The City of New York, P.O. Daheem D. Morris [Tax Reg. #975677], P.O. Adahilton A. Bonillacruz [Tax Reg. #974757], Sergeant Matthew D. Davang [Tax Reg. #966016], and John Doe and Jane Doe #1-20, (collectively, "defendants"), respectfully alleges as follows:

<u>NATURE OF THE ACTION</u>

1.      This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

<u>JURISDICTION</u>

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4.      Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.      At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused.

6.      This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

THE PARTIES

7.      Plaintiff is and was at all times material herein a resident of Brooklyn, County of Kings, City and State of New York.

8.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

10.     Defendant P.O. Daheem D. Morris [Tax Reg. #975677] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11.     Defendant P.O. Adahilton A. Bonillacruz [Tax Reg. #974757] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

12.     Defendant Sergeant Matthew D. Davang [Tax Reg. #966016] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

13.     Defendants John Doe and Jane Doe #1-20 are collectively referred to herein are collectively referred to herein as "Doe defendants".

14.     Defendants Morris, Bonillacruz, and Doe defendants are collectively referred to herein are collectively referred to herein as "Morris defendants".

2

15.     Defendants Davang and John Doe and Doe defendants are collectively referred to herein are collectively referred to herein as "Davang defendants".

16.     Morris defendants and Davang defendants are collectively referred to herein as "defendant officers".

17.     At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The August 24, 2024, Incident

18.     On or about August 24, 2024, at approximately 4:00 p.m., Morris defendants, acting in concert, arrested plaintiff without cause on Belmont Avenue at or close to its intersection with Sackman Street, Brooklyn, New York, and charged plaintiff with various crime/offenses.

19.     Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

20.     Prior to the arrest, plaintiff was in the process of legally parking his vehicle when Morris defendants unlawfully stopped him, pulled him out of his vehicle, and illegally searched him and his properties.

21.     Morris defendants did not recover any contraband from their unlawful search of the plaintiff and his properties.

22.     Notwithstanding the above, Morris defendants tightly handcuffed the plaintiff causing him to experience pain and numbness.

23.     Morris defendants then assaulted the plaintiff causing him to sustain physical injuries.

24.     Eventually, Morris defendants forcibly placed the plaintiff inside their police vehicle and transported him to NYPD-73rd Precinct.

25.     While at the precinct, Morris defendants further subjected the plaintiff to an illegal and unlawful search.

26.     Morris defendants did not recover any contraband from their unlawful search of the plaintiff.

27.     Nonetheless, Morris defendants continued to detain the plaintiff at the precinct.

28.     After detaining the plaintiff at the precinct for a lengthy period of time, Morris defendants caused legal process(es) to issue against the plaintiff requiring the plaintiff to appear in court to defend the false charges levied against him.

29.     Plaintiff was subsequently released.

30.     Plaintiff subsequently appeared in the criminal court as he was directed.

31.     On or about September 26, 2024, the false charges levied against the plaintiff were summarily dismissed.

The October 6, 2024, Incident

32.     On or about October 6, 2024, at approximately 9:30 p.m., Davang defendants, acting in concert, arrested plaintiff without cause on Belmont Avenue at or close to its intersection with Mother Gaston Boulevard, Brooklyn, New York, and charged plaintiff with various crime/offenses.

33.     Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

34.     Prior to the arrest, plaintiff was in the process of legally parking his vehicle when he was unlawfully pulled over by Davang defendants.

35.     Davang defendants proceeded to tightly handcuff the plaintiff causing the plaintiff to experience pain and numbness.

36.     After the handcuffing, defendant officers proceeded to illegally search the plaintiff and his properties.

37.     Davang defendants did not recover any contraband from their unlawful search of the plaintiff and his properties.

38.     Davang defendants impounded, seized, and/or appropriated to themselves several of the plaintiff's properties and/or items.

39.    Davang defendants did not provide the plaintiff with any voucher for his properties and have refused to return said properties to the plaintiff.

40.    Plaintiff inquired on multiple occasions as to the reason for his arrest.

41.    Davang defendants did not respond to the plaintiff's inquiries.

42.    Eventually, Davang defendants forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-73rd Precinct.

43.    While at the precinct, Davang defendants subjected the plaintiff to an illegal and unlawful search.

44.    Davang defendants did not recover any contraband from their unlawful search of the plaintiff.

45.    Nonetheless, Davang defendants continued to detain the plaintiff at the precinct.

46.    After detaining the plaintiff at the precinct for a lengthy period of time, Davang defendants indicated that the plaintiff had an outstanding bench warrant for a Summons issued to him under Docket No. 2024SK019688 and that they were working to vacate the warrant.

47.    Plaintiff had been illegally stopped in Bronx earlier in 2024 but was unaware that a summons was issued against him requiring him to appear in court.

48.    On or about October 7, 2024, plaintiff was informed that the warrant had been vacated.

49.    Plaintiff was subsequently released from detention.

The October 8, 2024, Incident

50.    On or about October 8, 2024, at approximately 8:30 a.m., Morris defendants, acting in concert, arrested plaintiff without cause at or within the precinct.

51.    Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

52.    Prior to the arrest, plaintiff went to the precinct to retrieve and/or recover his properties and/or items which were illegally seized by defendant officers.

53.    While at the precinct, defendant Morris unlawfully assaulted plaintiff causing him to sustain serious physical injuries.

54.    Morris defendants proceeded to tightly handcuff the plaintiff causing the plaintiff to experience pain and numbness.

55.    After the handcuffing, defendant officers proceeded to illegally search the plaintiff and his properties.

56.    Morris defendants did not recover any contraband from their unlawful search of the plaintiff and his properties.

57.    Defendant Morris continued to physically assault the plaintiff even after he had been handcuffed.

58.    Morris defendants continued to detain the plaintiff at the precinct.

59.    After detaining plaintiff at the precinct for a lengthy period of time, he was transported to Central Booking to await arraignment.

60.    At some point following the arrest, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

61.    During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff committed various crimes including, but not limited to, trespass.

62.    Relying upon the falsified police records, reports and statements, the prosecutors initiated criminal actions against plaintiff.

63.    On or about October 9, 2024, plaintiff was arraigned on a criminal court complaint sworn to by Morris defendants falsely charging him with aforesaid crimes.

64.    Upon arraignment, plaintiff was released on his own recognizance but was required to return to the criminal court on multiple occasions to defend the false charges levied against him.

65.    On or about November 18, 2024, plaintiff appeared in the criminal court as he was directed but was informed that the false charge(s) levied against him were summarily dismissed.

66.     Upon information and belief, many police officers assigned to NYPD-73rd Precinct which cover the plaintiff's neighborhood, are familiar with the plaintiff and his friends and family.

67.     Defendant officers would often stop, frisk, search, and/or detain the plaintiff and his friends and family whenever they run into them, and would threaten and/or call out the plaintiff and his friends and family by name on the rare occasions when they do not stop or detain them.

68.     Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

69.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

70.     As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

<u>FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers</u>

71.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.

72.     The conduct of defendant officers, as described herein, amounted to false arrest.

73.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

74.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

75.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 74 of this complaint as though fully set forth herein.

76.     On numerous occasions, including, but not limited to, August 24, 2024, October 6, 2024, and October 8, 2024, defendant officers unlawfully grabbed the plaintiff, tightly handcuffed him, frisked and searched him on multiple occasions, and restrained plaintiff's freedom to walk away.

77.     Defendant officers did not have any reasonable grounds to believe that the plaintiff was engaged (or had planned to engage) in any criminal activity.

78.     Defendant officers by their conduct as described herein subjected plaintiff to unlawful stop & frisk and unreasonable search & seizure.

79.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

80.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FIRST AMENDMENT RETALIATION - against Morris defendants

81.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 80 of this complaint as though fully set forth herein.

82.     Doe defendants arrested the plaintiff in retaliation for seeking to retrieve his properties and questioning their conduct.

83.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

84.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Doe defendants, individually and severally.

<u>FOURTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers</u>

85.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 84 of this complaint as though fully set forth herein.

86.     Defendant officers forwarded to the prosecutors their falsified records and statements.

87.     Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

88.     Plaintiff was arraigned on criminal court complaint(s) sworn to by defendant officers falsely charging the plaintiff with crimes.

89.     Plaintiff was required to, and did, appear in court to defend himself from the false charges levied against him with malice by defendants.

90.     Because of the conduct of the defendants, plaintiff was maliciously prosecuted.

91.     Eventually, the criminal proceedings terminated in plaintiff's favor.

92.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

93.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

94.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Stephens defendants, individually and severally.

<u>FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers</u>

95.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 94 of this complaint as though fully set forth herein.

96.     Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

97.        The plaintiff was deprived of his liberty as a result.

98.        The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

99.        Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

100.       Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

101.       By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 100 of this complaint as though fully set forth herein.

102.       The conduct of defendant officers, as described herein, amounted to excessive use of force.

103.       Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

104.       Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

105.       By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 104 of this complaint as though fully set forth herein.

106.       That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

107.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

108.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

109.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH     CAUSE     OF     ACTION:     FAILURE     TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

110.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 109 of this complaint as though fully set forth herein.

111.     Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in robbery, narcotics, drugs, guns, weapons and/or other illicit activities.

112.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

113.     For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the court observed that defendant City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

114.     In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the court determined that defendant City, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

115.     Notably, numerous civil rights complaints filed in this district and other
courts have similarly alleged that many of the police officers involved in this
case, including the defendant officers, routinely stop and frisk and
manufacture evidence of criminality against individuals who are members of
racial/ethnic minority groups, such as the plaintiff, in order to arrest and
maliciously prosecute them.

116.     Defendant City has settled numerous lawsuits in this district against several
police officers assigned to the precinct alleging, among other things, that the
police officers unlawfully stopped and frisked, falsely arrested, and
maliciously prosecuted the plaintiffs without probable cause. *See, e.g., Tiara
Weber v. City of New York* (Case No. 22 CV 4518); *Trevonne King v. City of
New York* (Case No. 19 CV 3361); *Warren Monk v. City of New York* (Case
No. 18 CV 6458).

117.     Despite the numerous complaints of civil rights violations described
hereinabove, there has been no meaningful attempt on the part of defendant
City to forestall further incidents and/or even to investigate claims that police
routinely fabricate evidence, arrest innocent citizens without probable cause,
and use excessive force in the arrest of innocent citizens.

118.     As a result of defendant City's failure to properly train, supervise, discipline,
or screen its police officers, defendant officers unlawfully arrested the
plaintiff.

119.     Defendant City of New York maintained the above described policies,
practices, customs or usages knowing fully well that the policies, practices,
customs or usages lead to improper conduct by its police officers and
employees. In failing to take any corrective actions, defendant City of New
York acted with deliberate indifference, and its failure was a direct and
proximate cause of plaintiff's injuries as described herein.

120.     The actions of defendants, acting under color of State law, deprived plaintiff
of his due process rights, and rights, remedies, privileges, and immunities
under the laws and Constitution of the United States, treatise, ordinances,
customary international law and norms, custom and usage of a right; in

particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

121.    By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

NINTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11, & 12 - against defendants

122.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 121 of this complaint as though fully set forth herein.

123.    By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

124.    In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11, & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

125.    The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully,

13

knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

126.    Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

TENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

127.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 126 of this complaint as though fully set forth herein.

128.    The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

129.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

130.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 129 of this complaint as though fully set forth herein.

131.    By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

132.    The conduct of the defendants, as described herein, amounted to assault and battery.

133.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

134.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 133 of this complaint as though fully set forth herein.

135.    The conduct of defendant officers, as described herein, amounted to malicious prosecution.

136.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

137.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 136 of this complaint as though fully set forth herein.

138.    The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

139.    Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

140.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (REPLEVIN & CONVERSION) - against defendants

141.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 140 of this complaint as though fully set forth herein.

142.    At the time of the plaintiff's arrest, defendant officers seized and/or appropriated to themselves several of plaintiff's properties.

143.    Defendant officers did not provide the plaintiff with any voucher for his said properties.

144.    Defendant officers did not issue or provide the plaintiff with any voucher specifying the properties seized from him with the constitutionally-required notice printed on the voucher describing how the plaintiff could reclaim the aforementioned properties.

145.     Defendant officers did not otherwise notify the plaintiff of any procedure he could follow to reclaim or recover his properties, and have refused to return the aforesaid properties including, but not limited to, his phone.

146.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: TORTS (NEW YORK CITY ADMINITRATIVE CODE §§ 8-802, 8-803) - against defendants

147.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 146 of this complaint as though fully set forth herein.

148.     By reason of the foregoing, and by arresting, detaining and/or imprisoning plaintiff without probable cause or reasonable suspicion, subjecting the plaintiff and his properties to unreasonable searches and seizures, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities provided under N.Y.C. Admin. Code §§ 8-802 and 8-803.

149.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

150.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 149 of this complaint as though fully set forth herein.

151.     Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or

assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

152.    Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

153.    Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

154.    Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

155.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

156.    Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.    For compensatory damages against all defendants in an amount to be proven at trial;

b.    For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.    For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.    For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       January 6, 2026

                              PHILIP AKAKWAM, P.C.


                                 //Philip Akakwam
                    By:    Philip Akakwam, Esq.
                           Attorney for the Plaintiff
                           303 Livingston Street, 2nd Floor
                           Brooklyn, N.Y. 11217
                           Tel. No: (718) 858-2488